UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ronald Vendetti, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 CV 3556 |
| | ) | |
| Compass Environmental, Incorporated, | ) | |
| a Delaware corporation, and William J. | ) | |
| Broderick, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

The Plaintiff, Ronald Vendetti ("Vendetti"), filed this suit against the Defendants, Compass Environmental, Inc. ("Compass") and William J. Broderick ("Broderick"), alleging breach of contract and violation of the Illinois Wage Payment and Collection Act ("Wage Act"). 820 ILCS 115. The complaint sets forth two counts: Count I, breach of contract, is directed solely at Compass (Compl. p.9); Count II, violation of the Wage Act, is directed at both Defendants, and is the sole count directed at Broderick. (Compl. p.12.) Presently before us is the Defendants' motion to dismiss Count II of the Complaint, with prejudice, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons set forth below, we grant the motion, and dismiss Broderick as a defendant. We order that Defendant Compass answer the remaining allegations set forth in Count I of the Complaint within ten days.

**STANDARD OF REVIEW**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not decide the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 583, 586 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). In considering a motion to dismiss, we must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Cody v. Harris*, 409 F.3d 853, 857 (7th Cir. 2005); *Thompson v. Illinois Dep't Prof'l Regul.*, 300 F.3d 750, 753 (7th Cir. 2002). A court may grant a motion to dismiss under Rule 12(b)(6) when "it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**BACKGROUND**

The Plaintiff's allegations relevant to the motion are as follows. He is a resident of Georgia. (Compl. ¶ 1.) At all times relevant until his resignation, he was employed by the Defendant Compass, a company registered and organized under the laws of Delaware with its principal place of business in Chicago, Illinois. (*Id.* ¶ 2.) The second Defendant in this action, Broderick, is General Counsel of Compass, and works at Compass' principal place of business in Chicago, Illinois. (*Id.* ¶ 3.)

In October of 2004, Compass entered into a purchase agreement to acquire certain assets of Williams Environmental Services ("Williams"), a Georgia-based company. At that time, Vendetti was working for Williams as Controller at its office in Stone Mountain, Georgia. (Compl. ¶ 6.) Following the acquisition, Compass offered to employ Vendetti as Controller of the former Williams operation, and the two parties ultimately entered into an employment

2

contract with a four-year term. (*Id.* ¶ 7-8.) Vendetti did not want to move or spend significant amounts of time away from home, so he insisted on a provision in the contract specifying that Compass would not, without his consent, require him to work from any location outside of a 45 mile radius of his office in Stone Mountain, Georgia. (*Id.* ¶ 7-10.) Furthermore, Vendetti insisted on a provision allowing him to terminate the contract and collect severance benefits equal to one year's base salary in the event that Compass required him to work outside of the specified area without first obtaining his consent. (*Id.* ¶ 11.) Both of these provisions were included in the final written agreement. (*Id.* ¶¶ 11-12.)

Vendetti further alleges that, in March 2006, Compass breached the employment contract when its Chief Financial Officer, Tom Dubnicka, demanded that Vendetti spend two weeks a month working at the company headquarters in Chicago "for the foreseeable future." (Compl. ¶ 14.) Vendetti objected to this demand on grounds that it constituted a breach of the employment contract. *Id.* On April 19, 2006, Dubnicka again demanded that Vendetti agree to spend half of his time working in Chicago for the foreseeable future, and told Vendetti that his refusal would constitute cause for his termination. (*Id.* ¶ 15.) On April 21, 2006, Vendetti sent Compass a notice of termination advising that he was exercising his right to terminate his employment for "Good Reason," but first giving Compass thirty days to cure the alleged material breach. (*Id.* ¶ 18.) That same day, Broderick responded with a letter demanding that Vendetti follow Dubnicka's instructions and come to Chicago the following week while the company contemplated its response to his notice of termination. (*Id.* ¶ 19.)

During the next thirty days, Vendetti continued to work at the Georgia office. (Compl. ¶¶ 19-21.) Compass, Vendetti claims, conditioned any further discussion of the matter on his first

3

going to Chicago to work, then proceeded to make his working conditions as unpleasant as possible. (*Id.* ¶¶ 20-21.) On May 19, 2006, Vendetti sent Broderick a letter stating that Compass had done nothing to cure the breach, and that he was therefore resigning. (*Id.* ¶ 22.) Shortly thereafter, Vendetti's counsel sent a letter demanding compensation under the termination provisions of the employment contract. (*Id.* ¶ 24.)

## ANALYSIS

### I. The Defendants' Motion to Dismiss Count II

Count II of Vendetti's Complaint alleges that Compass, through Broderick and Dubnicka, refused to honor its commitment to pay him the severance benefits provided by the employment contract between them, (Compl. ¶ 28,) thereby violating the Wage Act, 820 ILCS 115. (*Id.* ¶ 40.) Further, he alleges that Broderick is personally liable under the Wage Act, (*id.* ¶ 44,) because it provides that "[a]ny officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation." (*Id.* ¶ 41.) *See also* 820 ILCS 115/13.

The Defendants do not dispute that the Wage Act creates a cause of action for denial of the type of compensation allegedly due Vendetti. Rather, they seek to dismiss Count II of the Complaint – and, in turn, dismiss Broderick as a defendant – on grounds that Vendetti is not within the Wage Act's scope of protection, because he is a Georgia resident that performed all of his work for Compass out of an office in Stone Mountain, Georgia. (Defs. Mem. in Support of Defs. Mot. to Dismiss at 2.) In response, Vendetti alleges that the parties included a valid and enforceable choice of law provision in the employment contract, (Compl. ¶ 5,) and contends that application of Wage Act is necessary in order to give full effect to that provision. (Pl. Resp. to

4

Def. Mot. to Dismiss at 2-6.)

However, Vendetti apparently mistakes a question of statutory applicability for a choice of law issue. (Pl. Resp. to Def. Mot. to Dismiss at 2-6.) Here, choice of law is irrelevant: Assuming *arguendo* that it is proper to apply Illinois law, the Wage Act is nonetheless inapplicable here, because we cannot interpret it to extend to employees who have not performed work while physically present within the state of Illinois. 820 ILCS 115/1.

The Wage Act "applies to all employers and employees in [Illinois]." 820 ILCS 115/1. Though the Supreme Court of Illinois has yet to address the proper scope of "employees in [Illinois]" as used in the Wage Act, the Court of Appeals for the Seventh Circuit has confronted the issue twice. The Court first addressed this provision in *Glass v. Kemper Corp.*, concluding that the act should not be interpreted to have an extraterritorial reach, because its "evident purpose is to protect employees *in Illinois* from being stiffed by their employers." 133 F.3d 999, 1000 (7th Cir. 1998) (emphasis in original). In a subsequent decision, the Court cited *Glass* favorably in interpreting the Wage Act to "protect[] nonresidents of Illinois who perform work in that state for an in-state employer." *Adams v. Catrambone*, 359 F.3d 858, 862 (7th Cir. 2004). As such, we are bound to interpret the Wage Act to apply only where an employee has done at least some work for an Illinois employer while physically present in the state of Illinois.[1]

Nowhere in the Complaint does Vendetti allege that he performed any work for Compass while physically present in Illinois. To the contrary, the entire dispute underlying this action arises from Vendetti's decision *not* to work in Illinois, and it is clear from the face of the

---

[1]Additionally, the Appellate Court for the Second District of Illinois has stated that it "agree[s] with the analysis and conclusion in *Glass* that the Wage Act applies only to Illinois employees and Illinois employers." *Liaquat Khan v. Van Remmen, Inc.*, 756 N.E.2d 902, 913 (Ill. App. Ct. 2001).

complaint that he refused to work in Chicago even temporarily during the thirty day grace period set forth in his notice of termination. (Compl. ¶¶ 18-25.) Thus, Vendetti is not within the scope of the Wage Act's protection. Because Count II of the Complaint is premised exclusively upon application of the Wage Act, it is dismissed with prejudice. (*See id.* ¶¶ 35-46.) Because Broderick is named as an individual defendant only in Count II, his motion to dismiss is granted.

## II. Defendant's Time to Answer the Remaining Allegations Set Forth in Count I

In his Response, Vendetti takes issue with the Defendants' decision to defer answering the unchallenged allegations set forth in Count I pending the Court's ruling on the motion to dismiss Count II. *See* (Pl. Resp. to Def. Mot. to Dismiss at 2 n.1.) However, the Defendants' course of action was proper. Courts in the Northern District of Illinois have adopted the "majority interpretation" of Fed. R. Civ. P. 12(a) regarding the timing of a defendant's answer to unchallenged counts, where it has filed a motion to dismiss other counts. *See, e.g., Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220-21 (N.D. Ill. 1997). Those cases hold that a defendant's filing of a partial motion to dismiss automatically extends its time to answer the unchallenged counts, as if it had moved to dismiss all counts. *See D'Alessandro*, 173 F.R.D. at 220-21.

## CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss Count II of the Plaintiff's complaint, with prejudice, is granted. Accordingly, Broderick is dismissed as a Defendant in this action. The Defendant Compass has until ten (10) days following notice of this ruling to respond to the remaining allegations set forth in Count I of Plaintiff's Complaint. It is so ordered.

6

Honorable Marvin E. Aspen
                                        U.S. District Court Judge

Dated:   October 25, 2006