# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| Ronald Vendetti, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 CV 3556 |
| | ) | |
| Compass Environmental, Incorporated, | ) | |
| a Delaware corporation, and William J. | ) | |
| Broderick, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Before us is Plaintiff Ronald Vendetti's ("Vendetti") motion to reconsider our Order of October 25, 2006 dismissing Count II of his Complaint (Dkt. 18.) For the reasons set forth below, we deny the motion.

## BACKGROUND

The relevant facts were previously set forth in our opinion dismissing Count II of Vendetti's Complaint, which alleged violation of the Illinois Wage Payment and Collection Act ("Wage Act"), 820 ILCS 115. (*See* Mem. Opinion & Order of Oct. 25, 2006, Dkt. 18.) There, the Defendants had argued that Vendetti is not within the scope of the Wage Act's protection because he is a Georgia resident that performed all of his work for Defendant Compass Environmental, Inc. ("Compass") out of an office in Stone Mountain, Georgia. (Defs. Mem. in Support of Mot. to Dismiss p.2.) In his response, Vendetti did not challenge the Defendants' arguments directly, instead choosing to

1

focus his entire opposition on a frivolous "choice of law" argument. (*See* Mem. Opinion & Order of Oct. 25, 2006, Dkt. 18; Pl. Resp. to Def. Mot. to Dismiss pp.1-6.) With this motion to reconsider, Vendetti now argues that our dismissal of Count II was improper because he did in fact allege that he performed some work for Compass while physically present in the state of Illinois. (Pl. Mot. to Reconsider p.1.) Alternatively, Vendetti asks that we modify our Order dismissing Count II, by striking the designation "with prejudice," so that he can re-plead his Wage Act claims "in more detail." (*Id.*)

**DISCUSSION**

Vendetti's complaint did not need to affirmatively allege that he performed some work in Illinois. *Hefferman v. Bass*, 467 F.3d 596, 599-600 (7th Cir. 2006) ("In federal court under Rule 8, the rules are simple. Notice is what counts. Not facts."). However, "if a plaintiff pleads facts which show he has no claim, then he has pled himself out of court." *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) (citing *Jefferson v. Ambroz*, 90 F.3d 1291, 1296 (7th Cir.1996)). This is the case "when there is no set of facts consistent with the pleadings under which the plaintiff could obtain relief." *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754 (7th Cir. 2006). The "proper inquiry," therefore, is what a Plaintiff *did* allege, not what he "did not allege." *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) (citing *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (2006)). Here, regardless of whether Vendetti pled that he performed some work for Compass in Illinois, he has nonetheless pled his claims under the Wage Act out of court through the facts alleged in his Complaint.[1]

---

[1] Moreover, if we were to accept Vendetti's assertion that the Complaint does allege that he worked in Illinois, it would only weaken his position. Vendetti points to a single sentence contained Exhibit Seven of his Complaint – a four-page letter written by his counsel and sent to

2

The Wage Act "applies to all employers and employees in [Illinois]." 820 ILCS 115/1. The Supreme Court of Illinois has yet to address the proper scope of "employees in [Illinois]" as used in the Wage Act, but the Court of Appeals for the Seventh Circuit has confronted the issue twice. Although that Court has not directly confronted the question of what quantity and quality of work "in Illinois" brings an employee within the scope of the Wage Act, we conclude that finding the Act applicable here would do violence to its existing precedent interpreting the Act. *See Adams v. Catrambone*, 359 F.3d 858, 863 (7th Cir. 2004); *Glass v. Kemper Corp.*, 133 F.3d 999, 1000 (7th Cir. 1998).

The Seventh Circuit first addressed the scope of the Wage Act in *Glass*, concluding that it should not be interpreted to have an extraterritorial reach because its "evident purpose is to protect employees *in Illinois* from being stiffed by their employers." 133 F.3d at 1000 (emphasis in original). In a subsequent decision, the Court cited *Glass* favorably in interpreting the Wage Act to "protect[] nonresidents of Illinois who perform work in [Illinois] for an in-state employer." *Adams*, 359 F.3d at 862. Both decisions focused on the geographic location in which the employee had performed work. In dicta, the *Glass* court even observed that the Wage Act does "not protect even [Illinois] residents when they are working in another state." 133 F.3d at 1000.

Accordingly, we are bound to interpret the Wage Act to apply only where an employee has

---

the (former) Defendant Broderick, but unreferenced in the body of the Complaint – stating that "[d]uring the course of his employment, Mr. Vendetti occasionally was asked to visit the Chicago office of the Company and he consented to do so when the nature of the work was such that it could not be done from his office in Georgia." (Pl. Mot. Reconsider ¶ 8.) If read as a properly plead allegation that Vendetti worked in Illinois, this averment would only strengthen our conclusion that Vendetti has affirmatively pled the extremely limited nature of his contacts with Illinois.

done at least some work for an Illinois employer while physically present in the state of Illinois. (*See* Mem. Opinion & Order of Oct. 25, 2006 p.5, Dkt. 18.) Nonetheless, we disagree with Vendetti's assertion that the Act applies to all employees who have done *any* work in Illinois for an "Illinois employer." (*See* Pl. Reply p.5.) It is true that, in *Adams*, the Seventh Circuit found the Wage Act applicable to a Michigan resident. 359 F.3d at 861. However, unlike Vendetti, that plaintiff had performed *most* of his work in Illinois. *Id.*

Moreover, our decision does not hinge solely on the relative quantity of work that Vendetti performed in Illinois. Rather, we look to the very nature of this action in concluding that the Wage Act is inapplicable. As we observed in our Order dismissing Count II, "the entire dispute underlying this action arises from Vendetti's decision *not* to work in Illinois." (Order of Oct. 25, 2006, Dkt. 18.) Indeed, it is clear from the face of the Complaint that Vendetti's sole purpose in demanding the contractual provision giving rise to this entire action was to avoid becoming an "Illinois employee" in any meaningful sense: Vendetti has explicitly pled that he "was willing to work for Compass, a Chicago-based company, but was not willing to relocate from his office in Stone Mountain, Georgia or to spend significant amounts of time working away from his office." (Compl. ¶ 7.) "Accordingly," the Complaint avers, "as a condition of entering into any employment agreement he insisted on being able to terminate the agreement and collect severance benefits if he did not consent to a request to work from a location other than his office in the Stone Mountain, Georgia area." (*Id.*) Vendetti did not want to spend half of his time in Illinois "for the foreseeable future," so he availed himself of that provision. (*Id.* ¶¶ 17, 22.) As such, interpreting the Wage Act to extend to Vendetti would offend the Seventh Circuit's notion of "in Illinois" as used in the Wage

Act.[2]

**CONCLUSION**

Vendetti did not have to plead with such great particularity, but he nonetheless did. In so doing, he pled himself out of court with regards to Count II. *See McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). For the reasons discussed above, Plaintiff's motion to reconsider our Order of October 25, 2006 dismissing Count II of his Complaint is denied. It is so ordered.

                                            Honorable Marvin E. Aspen
                                            U.S. District Court Judge

Dated: 12/14/06

---

[2] We also observe that another court in this district has confronted substantially the same issue as the one before us, finding the Wage Act inapplicable where the plaintiff-employee had worked in Chicago "for a few weeks." *Chen v. Quark Biotech, Inc.*, No. 03 C 5729, 2004 WL 1368797 at *6 (N.D. Ill. June 17, 2004) (not reported in F. Supp. 2d). There, the court concluded that the Wage Act was inapplicable because "the unpaid wages that plaintiff [sought] as damages [were] for work that would have been performed in Ohio in 2002 and thereafter." *Id.* Vendetti attempts to distinguish *Chen* on grounds that the compensation that he seeks "obviously related not to a particular period but to Vendetti's employment as a whole." (Pl. Reply p.7.) This is unpersuasive. As we have already noted, this entire action arises from Vendetti's unwillingness to "spend significant amounts of time working away from his office" in Georgia. (Compl. ¶ 7.) Thus, it is clear from the face of the Complaint that Vendetti's employment was not, taken as a whole, "in Illinois."