UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ronald Vendetti, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 CV 3556 |
| | ) |
| Compass Environmental, Inc., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

The Plaintiff, Ronald Vendetti, filed this suit against the Defendant, Compass Environmental, Inc., alleging breach of contract and violation of the Illinois Wage Payment and Collection Act ("Wage Act"). 820 ILCS 115. Before us is Defendant's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) with respect to Plaintiff's breach of contract claim. For the reasons set forth below, we deny the motion.

### STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) may only be granted if no material issues of fact remain to be resolved between the parties. *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). Unlike a summary judgment motion, Rule 12(c) permits us only to consider the pleadings and any written instruments attached as exhibits. *Northern Indiana Gun & Outdoor Shows, Inc. v. South Bend*, 163 F.3d 449,

1

452 (7th Cir. 1998). The burden of establishing the absence of a material issue of fact, however, falls on the movant and we are obligated to view the facts in the light most favorable to the non-moving party. *Id.* In this way, the standard of review for Rule 12(c) motions is similar to that of a Rule 12(b) motion to dismiss.

## ANALYSIS

The factual background was previously set forth in our opinion dismissing Plaintiff's Wage Act claims. (*See* Mem. Opinion & Order of Oct. 25, 2006, Dkt. 18.) Now, the Defendant seeks judgment on the pleadings, arguing that under the facts as set forth in the Complaint, the Employment Agreement required that Plaintiff provide ninety days notice of termination, but that he has affirmatively pled that he provided only thirty days notice. The relevant contractual provisions are as follows:

> § 1(c): Unless otherwise mutually agreed to, [Plaintiff] shall be located in his current company office location (the "Principal Location") during the Term or such other office located within 45 miles of the Principal Location. (Compl. Ex. A, at 2.)
>
> § 5(e): This agreement . . . may be terminated . . . (ii) by [Plaintiff] without Good Reason (as hereafter defined) upon 90 days' written notice.
>
> § 5(f): [Plaintiff] may terminate his employment for "Good Reason." "Good Reason" shall mean the occurrence and continuance for thirty days after written notice from [Plaintiff] to the [Defendant] of any material breach by the [Defendant] of any provision of this Agreement after failing to cure such breach. (*Id*. at 6.)
>
> § 6(b): In the event this Agreement is terminated pursuant to Sections 5(b), (c), (d) or (e)(ii), [Plaintiff] shall not be entitled to any compensation for any period after the date of termination except for the continuation of medical coverage as required by law; provided, however, that [Plaintiff] shall be to any accrued but unpaid obligations; provided, further, in the event [Plaintiff] terminates this Agreement following the [Defendant's] request to move his place of employment more than 45 miles from the Principal Location, the [Defendant] shall pay to [Plaintiff] severance pay equal to [Plaintiff's] then existing Base Salary payable at such times and in such manner (including subject to all required

deductions) for the 12-month period following the date of termination. (*Id*.)

§ 6(c): In the event this Agreement is terminated pursuant to [Section (f)], the [Defendant] shall pay to [Plaintiff] severance pay equal to the [Plaintiff's] then existing Base Salary payable at such times and in such manner (including subject to all required deductions) as would otherwise be payable in accordance with the terms of this Agreement as if termination had not occurred, for a period beginning on the date following the date of termination and ending twelve (12) months following the date of termination. (*Id*. at 7.)

Defendant's interpretation of the Agreement is difficult to state clearly and concisely. Essentially, Defendant maintains that § 6(b) incorporates § 5(e)(ii), which governs termination without "Good Reason." It follows, Defendant argues, that because "relocation of [Plaintiff's] place of employment is specifically addressed" in § 6(b), such relocation cannot constitute "Good Reason" under § 5(f), and thus necessitates ninety days notice of termination as provided in § 5(e)(ii). (Def. Mot. for Judgment on the Pleadings, Dkt. 39 at 5.) Defendant concludes that its reading "reflects the parties' contractual intent." (*Id.*)

As an initial matter, we observe that Defendant's argument does not adequately address § 1(c), which expressly provides that Plaintiff "shall be located in his current company office location . . . or such other office located within 45 miles of the Principal Location. (Compl. Ex. A, at 2.) Because §5(f) defines "Good Reason" as the "occurrence and continuance for thirty days after written notice from [Plaintiff] to the [Defendant] of any material breach" of the Agreement, Defendant's argument necessarily entails that a "forced" relocation cannot constitute a breach, which seemingly runs contrary to § 1(c). Defendant addresses this problem by arguing that "even if Plaintiff's purported relocation could constitute a 'Good Reason' for terminating his employment," there would be a "conflict between [Sections] 6(b) and 6(c) relative to the amount of notice required for termination." (Def. Mot. for Judgment on the Pleadings, Dkt. 39 at 5.)

3

Where there is such a conflict, Defendant argues, Illinois law demands that "the more specific clause control[] over the more general," and § 6(b) specifically treats severance pay following a request for relocation. (*Id.* (citing *McNally Tunneling Corp. v. City of Evanston*, No. 00 C 6979, 2001 WL 76338, at *3 (N.D. Ill. January 26, 2001) (not reported in F. Supp. 2d); *American Fed'n of State, County & Mun. Employees v. Illinois State Labor Relations Bd.*, 653 N.E.2d 1357, 1364 (Ill. App. Ct. 1995); *Brozowski v. Northern Trust Co.*, 618 N.E.2d 405, 409-10 (Ill. App. Ct. 1993))).

However, for that reasoning to hold true, there must be a conflict in the first place, and Defendant has not provided a compelling reason for us to find one, here. To the contrary, even if we were to adopt the general approach that Defendant urges, then it would appear that the Agreement's use of the word "request" in § 6(b) nonetheless renders it wholly consistent with § 1(c) and § 6(c). Section 1(c) provides that, "unless otherwise mutually agreed to, [Plaintiff] shall be located in his current company office location (the "<u>Principal Location</u>") during the Term or such other office located within 45 miles of the Principal Location." (Compl. Ex. A, at 2.) Section 6(b) provides that, "in the event [Plaintiff] terminates this Agreement following the [Defendant's] *request* to move his place of employment more than 45 miles from the Principal Location, the [Defendant] shall pay to [Plaintiff] severance pay . . . ." (*Id.* at 7 (emphasis added)). It is one thing for Defendant to demand that Plaintiff relocate, and quite another for it to simply request that he do so.

Indeed, § 1(c) explicitly provides that the parties may "mutually agree[]" to a relocation that would otherwise violate the terms of the Agreement, and there could be no such agreement were neither party to ever bring up the possibility of relocation. Thus, a mere request to relocate

4

would not appear to provide "Good Reason" as defined in § 5(f), but could nonetheless trigger severance pay under § 6(b), were Plaintiff to validly terminate the Agreement following such a request. Here, Plaintiff has not affirmatively pled that Defendant simply requested that he relocate. Rather, there is a material issue of fact as to whether Defendant breached the Agreement by allegedly demanding that Plaintiff spend two weeks a month in Chicago "for the foreseeable future." Accordingly, we deny Defendant's motion for judgment on the pleadings.

## CONCLUSION

For the reasons discussed above, Defendant's motion for judgment on the pleadings is denied. It is so ordered.

                                        Honorable Marvin E. Aspen
                                        U.S. District Court Judge

Dated: 3/2/07